UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-60506-CIV-DIMITROULEAS/HUNT

SHELLIE LYNN CARON,
JENNAMARIE SCALES SINGH,
and ANTHONY PARISOTTI,

                Plaintiffs,

    v.

UNLIMITED HEALTH CARE SERVICES, INC.,
and SHERRY L. HANNAKA,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendants' Motion to Dissolve the Writ of Garnishment.  ECF No. 106.  The Honorable William P. Dimitrouleas referred this Motion to the undersigned for appropriate disposition or a report and recommendation.  ECF No. 107; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Having considered the Motion, Response, Reply, applicable law, and being otherwise fully advised in the premises, the Court hereby RECOMMENDS that the Motion be GRANTED for the reasons set forth below.

This cause arises out of a final judgment against Defendants in the amount of $110,564.80.  ECF No. 78.  On December 3, 2025, the Clerk of the Court issued a Writ of Garnishment directed to Garnishee Centennial Bank.  ECF No. 99.  Centennial Bank filed its Answer to Writ of Garnishment two days later.  ECF No. 100.  There are two accounts in question, one in the name of Defendant United Health Care Services, Inc., and another in the name of both Defendant Sherry L. Hannaka and Kenneth James Braid.

*Id.*  Defendants filed their Claim of Exemption on January 5, 2026, claiming the funds held in the Centennial Bank accounts included head of family wages and Social Security benefits, both of which are exempt from garnishment under Florida law.  ECF No. 105. Defendants now ask this Court to dissolve the Writ of Garnishment pursuant to Florida law.  In addition to the claims of exemption, Defendant also argues that Plaintiffs failed to comply with the notice requirements in Florida's garnishment statutes, and that one of the garnished accounts is in the name of Defendant's husband, who is not a judgment debtor. Plaintiffs oppose.  The matter has been fully briefed and is now ripe for resolution.

As an initial matter, Plaintiffs argue that Defendants' claim of exemption is untimely. Defendants counter that Plaintiffs failed to comply with the Florida statutory notice requirements that would start the clock for timeliness purposes.

Fla Stat. § 77.041(2) requires that

> The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.  However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable after diligent search, the plaintiff must mail, by first class, the documents to the defendant at the defendant's place of employment.  The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.041(2).

The contents of the required "Notice to Defendant," which are quite lengthy, in turn, are set forth in detail in § 77.041(1).  Then, once the garnishee served its answer on Plaintiff, he was required to send a second notice in compliance with Fla. Stat. § 77.055. *See Munch v. Allen*, No. 20-23530-CIV-SCOLA, 2023 WL 5767606, at *3 (S.D. Fla. Sept. 7, 2023).

In the "NOTICE OF MAILING STATUTORY NOTICE," Plaintiffs state that

2. On December 3, 2025, Plaintiffs moved the Clerk issue a Writ of Garnishment.
3. On December 3, 2025, a writ of garnishment was issued.
4. On December 4, 2025, Defendants were mailed via U.S.P.S. First class mail:
    a. UNLIMITED HEALTH CARE SERVICES, INC.:
        i. Copy of the Motion for Writ of Garnishment.
        ii. Copy of the Writ of Garnishment.
    b. SHERRY L. HANNAKA:
        i. Copy of the Motion for Writ of Garnishment.
        ii. Copy of the Writ of Garnishment.
        iii. Florida Statutory Notice pursuant to § 77.041 and 77.03.

ECF No. 101 (citations omitted).

It appears Plaintiff met the requirements of § 77.041 with the December 4, 2025 mailing.  However, "Florida law places a second notice requirement on Plaintiff, once the garnishee has served its answer."  *Papadopoulos v. Sidi*, No. 05-22010-CIV-SEITZ/MCALILEY, 2008 WL 11400752, at *2 (S.D. Fla. Mar. 26, 2008), *report and recommendation adopted*, No. 05-22010-CIV-SEITZ/MCALILEY, 2008 WL 11400735 (S.D. Fla. May 2, 2008).  The requirements of the second notice are outlined in Fla. Stat. § 77.055, which states:

Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee.  The plaintiff shall file in the proceeding a certificate of such service.

3

Failure to comply with the notice requirement of § 77.055 is in itself grounds to grant a Motion to dissolve a Writ of Garnishment.  *See 201 DPH LLC v. Seymour Int'l, Inc.*, No. 608CV1665ORL22GJK, 2012 WL 12951611, at *2 (M.D. Fla. Feb. 28, 2012). There is no evidence that Plaintiff filed the required second notice following the filing of the garnishee's answer on December 5, 2025.[1]  Plaintiffs do not directly address the § 77.055 requirements, but instead contend that any notice objection would be moot due to the inclusion in Plaintiffs' initial notice of language advising Defendants of their obligation to file any claim of exemption within twenty days.

This initial notice, which occurred prior to the garnishee's answer, clearly does not conform with the requirements of § 77.055. Section 77.055 requires the garnishing party to include "a copy of the garnishee's answer," which was impossible to include with Plaintiff's initial notice.  As both parties note, "[i]t is fundamental that garnishment statutes must be strictly construed."  *Williams v. Espirito Santo Bank*, 656 So. 2d 212, 213 (Fla. 3d DCA 1995).  A plain reading of the statute demonstrates that Plaintiffs have failed to adequately provide the statutory notice required by § 77.055.  That Plaintiffs included the twenty-day language in their initial notice is of no consequence, as it does not conform with the statutory requirements.

Given this notice failure, Defendants' Motion should be granted, and the Writ should be dissolved.  *See 201 DPH LLC*, 2012 WL 12951611, at *2.

## RECOMMENDATION

---

[1]  The lack of this Notice would also be fatal to any request by Plaintiff's for entry of a judgment of garnishment.  *See Papadopoulos*, 2008 WL 11400752, at *2 ("Given Myland's failure to serve Defendants with the notice required by [§ 77.055], this Court recommends that Myland's motion for entry of a judgment of garnishment be denied without prejudice.").

Based on the foregoing, the undersigned RECOMMENDS that the Defendants' Defendants' Motion to Dissolve the Writ of Garnishment, ECF No. 106, be GRANTED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 23rd day of June 2026.


_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record

5