UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-60506-CIV-DIMITROULEAS/HUNT

SHELLIE LYNN CARON,
JENNAMARIE SCALES SINGH,
and ANTHONY PARISOTTI,

Plaintiffs,

v.

UNLIMITED HEALTH CARE SERVICES, INC.,
and SHERRY L. HANNAKA,

Defendants.
_________________________________/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Plaintiffs' Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. 216(B), ECF No. 92, and Bill of Costs, ECF No. 86. The Honorable William P. Dimitrouleas referred the Motions to the undersigned for a report and recommendation. ECF Nos. 87; 93; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Upon thorough review of the record and the Motions, Responses, any Replies, the applicable law, and the entire record, the undersigned hereby RECOMMENDS Plaintiffs' Motions be GRANTED IN PART AND DENIED IN PART as set forth below.

## **BACKGROUND**

On March 29, 2024, Plaintiffs filed suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for unpaid overtime wages and liquidated damages. ECF No. 1. On June 26, 2025, following a three-day bench trial, judgment was entered in favor

of Plaintiffs and against Defendants. ECF No. 78. Plaintiffs now seek an award of reasonable attorney's fees and costs.

**ANALYSIS**

As an initial matter, it is undisputed that Plaintiffs are entitled to reasonable attorney's fees and costs. It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the instant case, Plaintiffs are prevailing parties under the FLSA statute and are entitled to recover reasonable attorney's fees.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. House. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by

the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotations omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

A. Attorney's Fees

1. Reasonable Hourly Rate

Plaintiffs seek attorney's fees based upon professional services rendered. When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Meyrowitz v. Brendel*, 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations and citations omitted). Generally, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952, at *8 (S.D. Fla. July 15, 2011), *subsequently aff'd*, 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

This Court has considered the attorneys' affidavits and the twelve factors. Because of their practice, reputation, and legal experience, counsel request the following hourly rates:

- Elliot Kozolchyk, counsel in this case with over 13 years of experience, asks for $450 per hour for 217.4 hours of work.
- Dillon Cuthbertson, an associate and co-counsel in this case, requests a rate of $400 for 116.6 hours of work.

ECF. No. 92 at 2.[1]

After the undersigned's order requiring notice of previously awarded fees and costs, Plaintiffs' counsel provided relevant fee awards which indicate that Mr. Kozolchyk's proposed rate is slightly higher than the majority of rates previously awarded

[1] Plaintiffs represent this is a slight (0.4 percent) discount on the total fees incurred. ECF No. 92-1 at 15.

in the Southern District. ECF No. 115. The undersigned has previously recommended an award of $400 per hour for Mr. Kozolchyk, and recommends he receive the same rate here. *See Alcine v. Tile & Marble by Valentin, Inc.*, No. 24-61319-CIV-HUNT, 2025 WL 3723307, at *2 (S.D. Fla. Oct. 27, 2025).

In that same Notice, counsel indicated that Mr. Cuthbertson had recently been awarded a rate of $375 per hour in this district. The undersigned notes this award to be in keeping with the rates he has most commonly been awarded in this district. Therefore, it is recommended that Mr. Cuthbertson be awarded a rate of $375 per hour for his work on this case.

2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Plaintiffs' counsel seeks compensation for 217.4 hours for Mr. Kozolchyk, and 116.6 hours for Mr. Cuthbertson. Defendants contend Plaintiffs' counsel billed for hours

that were not reasonably incurred, and that counsel's actions needlessly increased the time spent on this case. ECF No. 95. Plaintiffs did not file a reply.

Courts routinely find that "adjustments to . . . attorney hours are warranted [if] the time sought is 'excessive, redundant or otherwise unnecessary.'" *Nat'l All. for Accessibility, Inc. v. Hull Storey Retail Grp., LLC*, No. 3:10-CV-778-J-34JBT, 2012 WL 3853520, at *5 (M.D. Fla. June 28, 2012), *report and recommendation adopted*, No. 3:10-CV-778-J-34JBT, 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012). The undersigned has therefore examined Plaintiffs billing records to determine if a reduction in hours is appropriate.

The undersigned notes that the case underwent an unsuccessful mediation, and that no dispositive motions were filed. Having examined the billing records, the Court does indeed find that counsel's claimed hours are somewhat excessive. For instance, the Court observed several entries spent on tasks such as reviewing docket entries and other simple functions that, read together, appear gratuitous. Further, the Court has previously denied counsel's requests to collect legal fees for work that consisted of coordinating schedules, basic communications, and procedural matters usually performed by legal assistants, not lawyers. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009). Accordingly, these hours should be excluded.

"If the court concluded that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection."

*Id.* The undersigned finds an additional 30 percent across-the-board cut appropriate here. Accordingly, Mr. Kozolchyk should be compensated for 152.2 hours of work, while Mr. Cuthbertson should be compensated for 81.6 hours of work.[2]

3. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).

The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 554–56.

In this case, the undersigned finds no reason to depart from the lodestar, calculation. Therefore, Plaintiffs should be awarded $60,880.00 for Mr. Kozolchyk (152.2

[2] Such a reduction is in keeping with similar reductions in this District. *See, e.g., Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 22-62138-CIV-DIMITROULEAS/AUGUSTIN-BIRCH, 2024 WL 1286139, at *3 (S.D. Fla. Mar. 11, 2024), *report and recommendation approved*, No. 22-62138-CIV-DIMITROULEAS/AUGUSTIN-BIRCH, 2024 WL 1285203 (S.D. Fla. Mar. 26, 2024), *aff'd,* No. 23-14024, 2025 WL 1483009 (11th Cir. May 23, 2025) (reducing Mr. Kozolchyk's requested hours from 299.5 to 208.9 hours).

hours at $400.00 per hour), and $30,600.00 for Mr. Cuthbertson (81.6 hours at $375.00 per hour), for a total award of $91,480.00.

B. Costs

Plaintiffs also request this Court award them $5,225.20 in costs. Rule 54(d) of the Federal Rules of Civil Procedure states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Under 28 U.S.C. § 1920, the Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The burden is initially on the prevailing party to "submit[] a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). But in challenging those costs, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). A court "must have and state a sound basis"

for denying the full amount of costs that the prevailing party incurred because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (alteration and quotation marks omitted).

Plaintiffs request the following: $405.00 in filing fees, $108.00 in service costs, $1,250.80 in transcript fees, and $3,461.40 in printing and copying fees. ECF No. 86 at 1. Defendants do not object to the filing or service fees, nor do they object to $960.00 in transcript fees. ECF No. 88. The undersigned has reviewed Plaintiffs' submissions and agrees that those unobjected-to costs are compensable and therefore should be awarded.

Defendants do, however, object to Plaintiffs' copy expenses of $3,461.40, as well as $290.80 in expenses incurred due to Zoom conferencing costs, condensed transcripts, processing litigation support package costs, and court reporter copies. Plaintiffs in reply do not appear to contest Defendants' objections to the $290.80, and the undersigned agrees that these costs should be disallowed.

As for the $3,461.40 for in-house copy expenses, Plaintiffs respond that multiple courts, including this one, have recently awarded counsel such expenses. *See, e.g., Keefe*, 2024 WL 1286139, at *3 ("Plaintiff seeks copying costs at a rate of $0.15 per page for black-and-white copying and at a rate of $0.59 per page for color copying. Judges within the Southern District of Florida have approved both rates."). The undersigned agrees with Plaintiffs that such costs are recoverable and therefore finds Plaintiffs' copy costs compensable. Plaintiffs should therefore be awarded $405.00 in filing fees, $108.00

in service costs, $960.00 in transcript fees, and $3,461.40 in printing and copying fees, for a total award of $4,934.40.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS Plaintiffs' Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. 216(B), ECF No. 92, be GRANTED IN PART to the extent that Plaintiffs be awarded attorney's fees in the amount of $91,480.00, which shall bear post-judgment interest at the rate prescribed by 28 U.S.C. § 1961. Plaintiffs should also be awarded costs in the amount of $4,934.40. The total award amount should therefore be $96,414.40. The Motion should be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 3rd day of August 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record